IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| BRIAN G. VILLARREAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 5:19-CV-209-BR |
| | § | |
| CPS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**
**OF DISMISSAL**

Before the Court is Brian G. Villarreal's ("Plaintiff") Complaint and Amended Complaint. (ECF 1, 19). Plaintiff is proceeding *pro se* and has paid the filing fee. On October 29, 2019, Plaintiff consented to proceed before the United States Magistrate Judge for all proceedings. (ECF 5). This case was reassigned to the undersigned on January 4, 2021. (ECF 24). The Court must always examine its own jurisdiction to hear legal disputes. Here, several judicial doctrines prevent the Court's exercise of jurisdiction over Plaintiff's claims. For the reasons explained below, the Court DISMISSES the Complaint and Amended Complaint without prejudice for lack of subject matter jurisdiction.

**I.    FACTUAL BACKGROUND**

On November 13, 2020, Plaintiff filed an Amended Complaint. (ECF 19). By the Amended Complaint, Plaintiff sues Child Protective Services ("CPS"), the Texas Department of Family and Protective Services ("FPS") of Abilene, Texas, CPS employees Claudia Nkocks, Abigail Messer, Molly Miller, and Alicia Baswell, his own appointed private counsel in state court and the counsel for the state government agencies Samantha Morrow, Aubra Fahy, Derek C. Hampton and Jordan

McGee, state court judge David C. Hall (presiding over the family law case involving Plaintiff's son) and Yvonne Lenhnert (court administrator), Eliend Baily (a private individual who made a report to police), the Lubbock Police Department (who took Plaintiff into custody regarding his physical possession of his son), Lisa Carr, Brianna Chappa, and Deanna Villarreal. (*Id*. at 3). Plaintiff lists no specific acts of wrongdoing or claims against Defendants Carr, Chappa or Villarreal, but Plaintiff does allege their involvement in the family law case in Sweetwater, Texas. (*Id*. at 5-9).

Plaintiff alleges that these individuals "preyed upon a Mayan Indian" in the family law case in Sweetwater, Texas. (*Id*. at 4). Plaintiff seeks defunding of CPS, FPS, (*Id*. at 4) and wants "his name cleared and his son back." (*Id*. at 9).

## II.   STANDARD OF REVIEW

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583–84 (1999). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Plaintiff chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. And if he does not, this lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A district court's basis to dismiss for "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161 (citing *Barrera–Montenegro v.*

*United States*, 74 F.3d 657, 659 (5th Cir. 1995)). Thus, a district court can look outside of the complaint to determine facts relevant to subject matter jurisdiction. *See Williams v. Wynee*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming*, 281 F.3d at 161. This Court will consider all of plaintiff's pleadings and filings to determine whether facts exist to support the Court's subject matter jurisdiction. *See Williams*, 533 F.3d at 365 n.2; *Ramming*, 281 F.3d at 16.

When assessing jurisdiction, the district court accepts the plaintiff's allegations in the complaint as true and may resolve disputed facts in some instances. *See Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). The plaintiff, as the party asserting jurisdiction, bears the burden of proof for establishing federal court jurisdiction. *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). In the end, a court should "dismiss for lack of subject matter jurisdiction … only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Choice Inc. of Texas*, 691 F.3d at 714 (quoting *Ramming*, 281 F.3d at 161).

### III.   ANALYSIS

Unless otherwise provided by statute, federal court jurisdiction requires: (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331; or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Federal courts are courts of limited jurisdiction. *See* U.S. CONST. ART. III, § 2, CL. 2. A federal district court only has the power to make decisions on the merits of a case when jurisdiction arises under the constitution and is conferred by Congress in a federal statute. *See Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The basis for federal subject matter jurisdiction should affirmatively appear in the plaintiff's pleading in the form "of a short and plain statement" asserting the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

Plaintiff's Amended Complaint attempts to allege civil rights violations, but, in fact, his claims concern state court family law matters and state court claims of slander. Such claims are not sufficient to invoke this Court's jurisdiction. Even when a plaintiff is proceeding *pro se*, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted); *Govea v. ATF*, 207 Fed. App'x. 369, 372 (5th Cir. 2006) (not selected for publication). Establishing subject matter jurisdiction is the threshold, the "material point necessary to sustain [any] recovery," and failure to do so is fatal to a suit in federal court. *See Campbell*, 43 F.3d at 975; *Govea*, 207 Fed. App'x. at 372. Furthermore, courts need not "'conjure up unpled allegations or construe elaborately arcane scripts' to save a complaint." *Campbell*, 43 F.3d at 975 (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

Any further search by this Court for a cause of action for Plaintiff's pro se suit might fall into the category of construing elaborate scripts to save the complaint. *See id*. Moreover, the " 'special judicial solicitude' with which a district court should view … pro se [filings] does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). Plaintiff has failed to uphold his burden of proof and establish subject matter jurisdiction through the assertion of a federal question. *See Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).

4

**A. The Court does not have subject matter jurisdiction because of the *Rooker-Feldman* doctrine.**

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see generally Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). This doctrine limits federal judicial review of state court judgments to the United States Supreme Court by writ of certiorari. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). The rationale is "federal district court[s], as court[s] of original jurisdiction, lack[] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]." *Liedtke*, 18 F.3d at 317 (alterations in original) (quoting *Kimball v. Fla. Bar*, 632 F.2d 1283, 1284 (5th Cir. 1980)).

*Rooker-Feldman* does not apply until "a party suffer[s] an adverse final judgment rendered by a state's court of last resort." *Gross v. Dannatt*, 736 Fed. App'x 493, 494 (5th Cir. 2018) (quoting *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012)). A party proceeding in Texas state court suffers such a judgment if the Texas Supreme Court disposes of that party's petition for review of a state court decision. *See Gross*, 736 Fed. App'x. at 494 (*Rooker-Feldman* applied because Texas Supreme Court had denied petition for review). If applicable, *Rooker-Feldman* prohibits the losing party in state court from suing in federal district court to overturn the state court decision, as federal judicial review then rests solely with the United States Supreme Court. *Exxon Mobil Corp.*, 544 U.S. at 291.

Plaintiff has failed to allege whether he sought review of Judge Hall's decision to deny him access to his son to the highest state court. Thus, it is possible that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, but it is also possible that his family law case is ongoing in state court, which is discussed in further detail below. (*See* ECF 19 at 3-9).

5

If Plaintiff did seek a petition for review with the highest Texas state court, then Plaintiff's only federal pathway to challenging any final state order is through the United States Supreme Court by writ of certiorari. *See Exxon Mobil Corp.*, 544 U.S. at 291. The dispositive question in determining if *Rooker-Feldman* deprives this district court of subject matter jurisdiction over the Plaintiff's case is whether the Court "is in essence being called upon to review the state court decision." *Feldman*, 460 U.S. at 482 n.16. If the requested relief would require the Court to review and modify a state court judgment, then *Rooker-Feldman* precludes jurisdiction. *Moore v. Whitman*, 742 Fed. App'x. 829, 832 (5th Cir. 2018) (federal district court lacked jurisdiction where plaintiff's requested relief would require court to modify state court judgment that designated nonparents as sole managing conservatorship of child). According to Plaintiff's Amended Complaint, he is being denied access to his son by the state trial court; if such decision is a final decision by the state court, then *Rooker-Feldman* deprives this Court of subject matter jurisdiction.

This Court lacks jurisdiction even though the Plaintiff attempted to file this case under Title 42 United States Code, Section 1983. (*See* ECF 19). The Fifth Circuit "has held on numerous occasions that federal district courts do not have jurisdiction under 42 U.S.C. [§] 1983 or any other theory to reverse or modify the judgments of state courts." *Lampkin-Asam v. Sup. Ct. of Fla.*, 601 F.2d 760, 760 (5th Cir. 1979). The Plaintiff's allegations do not overcome the jurisdictional issue so long as their purpose in proceeding in this Court is to overturn a state court judgment. *See Moore*, 742 Fed. App'x at 832 ("When constitutional questions arise in state court proceedings, federal appellate review is available only in the United States Supreme Court."); *United States v. Shepherd,* 23 F.3d 923, 924 (5th Cir. 1994) ("A federal complainant cannot circumvent [*Rooker-Feldman*] by asserting claims ... framed as original claims for relief.").

Because it appears that the Plaintiff wants this Court to review and modify a state court family law order, likely subject to a final state court judgment, this Court lacks subject matter jurisdiction to review this case under *Rooker-Feldman*. Alternatively, even in the event that the state court custody case or parental rights case is ongoing in state court, this Court lacks jurisdiction over the dispute.

### B. The Court otherwise must abstain from exercising subject matter jurisdiction because of the *Younger* doctrine.

Even if *Rooker-Feldman* does not apply, this Court must abstain from exercising subject matter jurisdiction under the *Younger* doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971); *Morse v. Fed. Nat'l Mortg. Ass'n*, No. 4:18-CV-39-ALM-CAN, 2019 WL 1177989, at *5-7 (E.D. Tex. Feb. 12, 2019) (analyzing *Rooker-Feldman* and *Younger* as alternative bases for dismissal for lack of subject matter jurisdiction), *rec. adopted*, 2019 WL 1168530 (E.D. Tex. Mar. 13, 2019). *Younger* requires *sua sponte* abstention where "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (analyzing two of the three elements in a 42 U.S.C. § 1983 case); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999) (authorizing *sua sponte* abstention).

This case satisfies all three elements in the event that Plaintiff has sought relief in this Court prior to entry of a *final* state court judgment on this matter. First, this Court's exercise of jurisdiction would interfere to the extent this case implicates ongoing state judicial proceedings. *See Machetta v. Moren*, No. 4:16-CV-2377, 2017 WL 2805192, at *5 (S.D. Tex. Apr. 13, 2017) (stating that a Texas family trial court retains ongoing jurisdiction to modify a child custody order),

*rec. adopted*, 2017 WL 2805002 (S.D. Tex. June 28, 2017), *aff'd*, 726 Fed. App'x. 219 (5th Cir. 2018). It would interfere because the Plaintiff asks this Court return custody of his son and defund CPS and FPS. *See Bice*, 677 F.3d at 717-18; (*see also* ECF 19 at 9). Second, child custody issues are important state interests. *Thomas v. Texas*, 294 F. Supp. 3d 576, 594 (N.D. Tex. 2018), *rec. adopted*, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018). Third, the Texas state court system presents an adequate opportunity to challenge any custody or parental termination order. *See Ballard v. Wilson*, 856 F.2d 1568, 1571 (5th Cir. 1988) (The third element is not met "only if a party has no opportunity to present [their] federal claim in a state proceeding").

There are three exceptions where the Court may not invoke *Younger*: (1) the party initiating the state court proceeding did so in bad faith or to harass the federal plaintiff; (2) at issue is a state statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it"; and (3) the doctrine's application is waived. *See Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (quoting *Younger*, 401 U.S. at 53-54). Plaintiff does not allege any exception applies, and the undersigned does not find one applicable. Thus, if *Rooker-Feldman* does not bar subject matter jurisdiction, then the *Younger* doctrine does.

### C. The Court should abstain from exercising jurisdiction over this matter because of the Domestic Relations Exception.

Under the Domestic Relations Exception to federal jurisdiction, federal courts lack jurisdiction to issue divorce, alimony, and child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The reasoning behind this exception is that: "(1) the state courts have greater expertise and interest in domestic matters; (2) such disputes often require ongoing supervision, a task for which the federal courts are not suited; (3) piecemeal adjudication of such disputes increases the chance of different court systems handing down incompatible decrees; and (4) such

cases serve no particular federal interest, while crowding the federal court docket." *Rykers v. Alford*, 832 F.2d 895, 900-01 (5th Cir. 1987).

The decisive factor in determining whether the domestic relations exception applies is not the formal labels attached to Plaintiff's claims, such as civil rights; rather, it is the type of determination that the federal court must make in order to resolve the case. *Id*. at 900. If, for example, the federal court must determine which family member(s) should receive custody, as Plaintiff wishes this Court to do, then the court should dismiss the case. *Id*. Here, Plaintiff requests to "clear his name" and have his son returned to his custody. (ECF 19 at 9). As such, this Court lacks the authority to assume jurisdiction over Plaintiff's attempts to modify the terms of a state court child custody order, and the case must be dismissed. *See id.* at 900; *see also Chrissy F. by Medley v. Miss. Dept. of Public Welfare*, 995 F.2d 595, 599 (5th Cir. 1993).

### D. **Judicial Immunity bars this suit against Defendant Hall.**

This Court must also decline to exercise jurisdiction over the claims made against Judge Hall, as he is immune from suit for his actions taken during the state court family law dispute. The doctrine of absolute judicial immunity protects judges from liability for all actions taken in their judicial capacities so long as they do not act in a clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-58 (1978); *Davis v. Tarrant Cty, Tex.*, 565 F.3d 214, 221 (5th Cir. 2009); *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005); *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996); *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995); *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995); *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). It is well-settled that the doctrine of absolute judicial immunity protects judicial officers not only from liability but also from suit. *Mireles*, 502 U.S. at 11. Plaintiff has entirely failed to assert that Judge Hall acted without jurisdiction over the state court family law suit; thus, Judge

Hall is entitled to protection from suit on the basis of judicial immunity and all claims against Judge Hall are dismissed.

### E. The Court does not have jurisdiction over Plaintiff's state law slander claims.

As to Plaintiff's claims of slander, the Court also finds that it does not have federal question jurisdiction over these claims. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Thus, federal courts possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. *Id*. A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332.

Here, Plaintiff's claims of slander do not state federal claims. Libel and slander are state law tort claims that cannot serve as the basis for federal question jurisdiction. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (affirming a district court's decision to not exercise federal jurisdiction over plaintiff's state law libel and slander claims). In the Amended Complaint, Plaintiff alleges that CPS and FPS and their respective employees, as well as a neighbor of Plaintiff's in Lubbock, Texas, all slandered him in state court and in police reports. This does not state a federal cause of action. It is clear from the face of Plaintiff's Amended Complaint that diversity jurisdiction is lacking for these claims. Consequently, these claims are dismissed without prejudice for lack of jurisdiction.

### IV. CONCLUSION

The Court lacks jurisdiction over Plaintiff's claims. Essentially, this is a state law custody dispute over Plaintiff's son where Plaintiff believes he was treated unfairly in state court. Plaintiff

must pursue his claims to the highest state court and then seek a writ to the Supreme Court to challenge these state court orders further. Additionally, Plaintiff's claims of slander are state court matters that must be filed and pursued in state court. Plaintiff's claims against Judge Hall are prohibited by judicial immunity. Therefore, lacking subject matter jurisdiction over all claims raised by Plaintiff, even after given an opportunity to amend his complaint and finding that further amendment would be futile to resolve jurisdictional issues, the Court orders this case dismissed for lack of subject matter jurisdiction.

    IT IS SO ORDERED.

    ENTERED February 24, 2023.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE